## PRATHER v. DUDLEY.

(Circuit Court of Appeals, Fifth Circuit. November 8, 1918.)

### No. 3175.

COMPROMISE AND SETTLEMENT ⬤⇒22—PLEADING.

In action on note given to bank, answer pleading set-off of balance due defendant as depositor contained allegations as to note being given for money borrowed while defendant had a balance, but while his passbook was with the bank to be balanced. *Held* not to show that dispute as to state of account was closed by giving note.

In Error to the District Court of the United States for the Southern District of Georgia; Emory Speer, Judge.

Action by N. M. Dudley, receiver, against W. S. Prather. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

Robert L. Berner, of Macon, Ga., for plaintiff in error.

W. A. Dodson, of Americus, Ga., for defendant in error.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

BATTS, Circuit Judge. The receiver of the Americus National Bank sued plaintiff in error upon a note. The defendant, answering, admitted the execution of the note, but pleaded as a set-off a balance due him as a depositor. Objection being made that the plea was indefinite, he amended, giving the dates and amounts of deposits, and the dates and amounts of checks paid by the bank, showing a balance due him in excess of the note. Allegations were also made to the effect that, prior to the execution of the note, he had delivered his passbook to the bank to have it balanced; that the book had

not been returned; that, while he had a balance due him, he at the time needed money to pay off a note given for the purchase money of his home, and that it was agreed that he should give his note for the sum borrowed; and that the question as to his deposit should remain open until his account could be properly balanced.

In sustaining a plea to strike the answer, the court, in the opinion filed, states that the defendant's account was in dispute, and that "this dispute, in the absence of fraud, accident, or mistake, was closed by the defendant giving this note." There is nothing in the pleading to suggest that the execution of the note had, or was intended to have, the effect of determining any matter in controversy between the bank and its depositor. The defendant acknowledges liability upon the note, and the plea is in no sense an effort to vary the note, or any other written instrument. According to the allegations of the answer, the amount due to defendant as a depositor remained at that time undetermined. He now specifically pleads deposits made by him and checks drawn by him, and no reason appears why the claim asserted should not be submitted to a jury. The plea was improperly stricken, and the case is remanded for action in conformity herewith.

Reversed.